The People, *ex rel.* Owen and others, *vs.* Davison.

What acts, committed by the defendant in an ejectment suit, will be considered
　as amounting to *waste*, proper to be restrained by an order of the court, under
　the statute, upon the application of the plaintiff; where the defendant has been
　in possession for many years, claiming the premises in fee, in his own right,
　and in hostility to the plaintiff.
A person in possession of land under such circumstances should, until he is legally
　evicted, be permitted to remain in the full enjoyment thereof, to the extent that
　he would be were no adverse claim set up; subject to the restriction that he
　shall not commit a permanent and lasting injury to the inheritance.

Previous to October, 1845, the relators commenced an action
of ejectment against the defendant to recover the possession of
certain premises in the town of Greece in the county of Monroe,
being a farm of about 145 acres, claiming to own the same in fee.

On the 31st of October, 1845, the late supreme court, on the application of the plaintiffs (the relators) made an order, reciting that satisfactory proof had been made, that the defendant had committed waste upon the premises in question since the commencement of the said action, and restraining him from the commission of further waste, &c. At the Monroe general term held in March, 1848, upon an ex parte application of the relators showing that the defendant had violated the order by cutting down and carrying away the growing and standing timber and wood upon the said premises, since the service upon him of the said order, an order was made that an attachment issue against the defendant. At the Monroe special term held in May, 1848, at which the attachment was returnable, the relators and defendant appeared, and interrogatories were filed by the relators. The defendant filed his answer, in which he fully purged the contempt by denying or explaining the acts of waste charged : whereupon, an order was made on motion of the relators, referring it to the clerk of Monroe county to take and report the proofs of the respective parties, touching the question of waste. At the present term the referee made a report of the proofs taken by him, consisting of the depositions of some eighteen witnesses, and containing some 300 folios. A motion was now made for final proceedings against the defendant for the waste alleged to have been committed, which motion was resisted upon the ground that the proofs did not establish the fact that the defendant was guilty of the commission of waste.

D. B. Beach & C. Tucker, for the relators.

C. M. Lee & L. Farrar, for the defendant.

WELLES, J.   From an attentive examination and consideration of the voluminous proofs returned by the referee, together with the defendant's answers to the interrogatories, I have come to the following conclusions of fact.   1st. That a number of years prior to the time of the commencement of the action of ejectment the defendant took possession as owner of the prem-

---

---

ises or lot in question, which was then in a wild and uncultivated state. 2d. That about the same time, he commenced clearing up and improving the same, and continued from time to time so to clear up, improve, and cultivate the said lot, until the service upon him of the order of the 31st of October, 1845, restraining the commission of waste, and that since that time he has also, at various times and occasions, cut down, or caused to be cut down and taken away trees, timber and wood standing and growing on the said premises. 3d. That such cutting down and taking away of standing trees and timber has been principally, if not all, done in the regular progress of clearing and improving the lot, or in the procuring of fencing materials for the same, and that such cutting and clearing were not contrary to good husbandry. 4th. That there is left upon the lot, at least fifty acres of wood and timber land, upon which it does not appear that any trees have been cut, and which is a sufficient portion of the lot to be left for the purpose of wood and timber, and that good husbandry requires, or would admit of, the residue of the said lot to be put under cultivation. And 5th. That the action of ejectment is still depending and undetermined, and that the parties thereto respectively claim to be the owners of the lot in fee.

The question of what acts are to be deemed waste, has generally arisen between the *owner in fee* and the tenant for life or years; and they are defined to be such acts as occasion a permanent injury to the inheritance. The question in the present case arises between parties, both of whom claim to be the owners in fee. The defendant is and has been for many years in possession, claiming in his own right and in hostility to the relators.

The statute provides that " after the commencement of any action for the recovery of land or for the recovery of the possession of any land, the defendant shall not make any waste of the land in demand, pending the suit; and if such defendant shall commit waste, the court in which the suit is pending shall have power, on the application of the plaintiff, to make an order restraining the defendant from the commission of any

further waste thereon." (2 *R. S.* 336, § 18.) The relation in which the defendant stands to the relators, who are the plaintiffs in the ejectment suit, is quite as favorable as that of the tenant to the remainder-man or reversioner, for the purpose of determining what shall be considered waste.

The defendant in possession claiming title, is to be regarded the owner of the premises, against all the world, until a better title than his shall be established by a judicial determination; (*The People* v. *Alberty*, 11 *Wend.* 160;) and if there is any difference between him and the tenant in this respect, it is in favor of the former. At any rate, the doctrine as to what shall be considered waste, should not be extended as against him, beyond what would be proper in the case of a tenant and reversioner or him in remainder. I think the rule should be the same in both cases. Looking at this case in that light, I am not prepared to say that the conduct or acts of the defendant amount to waste. A number of years before the commencement of the ejectment suit, he went into possession as owner of the premises in question, which was a lot of 145 acres, and was at that time wholly wild and uncultivated. All that he has done since, has been to improve the condition of the land, and render it more valuable, to whoever shall turn out to be the true owner.

If the cutting down of standing trees which are denominated *timber trees*, or the doing of any acts, which under other circumstances would be regarded waste, but which in such case were necessary to the regular clearing up and improvement of the lot, so as to put it in proper farming condition, according to thr rules of good husbandry, are to be adjudged waste, then it is in the power of any one who might choose to commence an action of ejectment for the lot, to defeat the plans of the defendant for its improvement and cultivation, however reasonable, wise and judicious they might be. Such a rule would, in many cases, greatly impair, if not wholly destroy the value of the possession of the defendant, or of the tenant for life or years. I think the defendant should be permitted to remain in the full enjoyment of the premises, to the extent he would be, in case

Cushman *v.* Shepard.

no adverse claim was set up, until he shall be legally evicted, save only, that he shall not be allowed to commit a permanent or lasting injury to the inheritance.  The very term waste, implies injury, or damage; and without such ingredients, it would seem there can be no waste.  The conduct and acts of the defendant as established by the proof in this case do not, in my judgment, amount to such injury.

Should the defendant in his process of clearing the land in question, continue to cut down timber or other wood, so as to encroach upon what should be left and preserved, as necessary to keep the fences and other erections in repair, and for fire wood for the use of the occupant, he would probably be guilty of waste, and upon application would be restrained or punished.

The motion for further proceedings against the defendant should be denied, and he should be discharged from the attachment; but as the question is of somewhat new impression, and is now, I believe, presented in the present aspect for the first time, no costs are allowed to the defendant as against the relators.

Motion denied.

---

ONEIDA SPECIAL TERM, July, 1848.   *Gridley*, Justice.